# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STEPHANIE LORRAINE THOMAS, <br> Appellant, | DOCKET NUMBER <br> CH-0351-14-0649-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, <br> Agency. | DATE: April 9, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>C. M. Moulton</u>, Elizabethtown, Kentucky, for the appellant.

<u>Robert Sutemeier</u>, Esquire, Peachtree City, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1        The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was employed as a Teacher with the Department of Defense Domestic Dependent Elementary and Secondary Schools at Fort Knox, Kentucky. Initial Appeal File (IAF), Tab 18 at 10, 23. On April 28, 2014, the agency issued the appellant a memorandum notifying her that she would be separated from her position by reduction in force (RIF), effective June 28, 2014, unless a suitable vacancy for her could be identified. *Id*. at 13-15. On June 23, 2014, the agency issued a memorandum cancelling the RIF. *Id*. at 17. On June 29, 2014, the appellant filed a Board appeal claiming she had been separated from the agency by RIF. IAF, Tab 1. The appellant did not request a hearing.

¶3 The appellant sought other employment, and on July 8, 2014, signed an employment contract with another employer. IAF, Tab 15 at 9. On July 9, 2014, the agency informed the appellant that the RIF had been cancelled. IAF, Tab 18 at 11. Effective July 29, 2014, the appellant resigned from her federal position. IAF, Tab 7 at 20. In her letter of resignation, the appellant stated that she was choosing to leave her federal position "to advance [her] career with a job in the behavioral consulting field." *Id*.

¶4      In August 2014, the administrative judge issued an order noting that the agency had submitted evidence indicating that the appellant had not been separated by RIF and ordering her to show cause why the appeal should not be dismissed for lack of jurisdiction. IAF, Tab 8. The appellant responded, alleging that her resignation was involuntary because she was misled into believing she had been separated by RIF. IAF, Tab 13 at 5-7. Thereafter, the administrative judge advised the appellant of her burden of proof over an involuntary resignation claim and provided her with the opportunity to submit argument and evidence regarding this claim. IAF, Tab 14.

¶5      The administrative judge subsequently issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 19, Initial Decision (ID). The administrative judge found that, because the agency cancelled the RIF, no agency personnel action was effected. ID at 2. She found that, accordingly, the Board lacked jurisdiction over the appeal from the cancelled RIF. ID at 2. The administrative judge further found that the appellant had failed to establish that her resignation was involuntary and that the Board therefore lacked jurisdiction over the case as an involuntary resignation appeal. ID at 4.

¶6      The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7      On petition for review, the appellant does not contest the administrative judge's finding that the Board lacks jurisdiction over the appeal from the cancelled RIF.[2] Rather, she contends that the agency failed to notify her that the

---

[2] In any event, we discern no basis for disturbing this finding on review. ID at 2. If an agency cancels or rescinds an action before the employee files an appeal of that action, or if the agency modifies the action to one that is not appealable prior to the filing of an appeal, the Board lacks jurisdiction over the appeal of that action. *Taber v. Department of the Air Force*, 112 M.S.P.R. 124, ¶ 8 (2009); *see Himmel v. Department of Justice*, 6 M.S.P.R. 484, 486 (1981) (it is the nature of the agency's action at the time the appeal is filed that determines the Board's jurisdiction). Here, the record reflects that the

RIF was cancelled. PFR File, Tab 1 at 5. She alleges that she was misled by the agency into believing that she would be separated by RIF, prompting her to seek employment elsewhere. *Id*. at 5-8. She states that she signed a binding contract of employment with another employer before learning that the RIF was cancelled and that she was forced to resign because she was concerned her new employer would sue her for breach of contract. *Id*. at 8-9.

¶8      We agree with the administrative judge's finding that the appellant has failed to meet her burden of proof regarding her involuntary resignation claim. ID at 4. A decision to resign is presumed to be a voluntary act outside the Board's jurisdiction, and the appellant bears the burden of showing by a preponderance of the evidence that her resignation was involuntary and therefore tantamount to a forced removal. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329-30 (Fed. Cir. 2006). One means by which an appellant may overcome the presumption of voluntariness is by showing that the resignation was obtained by agency misinformation or deception. *Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 15 (2009).

¶9      The touchstone of the analysis of whether a retirement or resignation is voluntary is whether the employee made an informed choice. *Id*., ¶ 16. A decision made "with blinders on," based on misinformation or lack of information, cannot be binding as a matter of fundamental fairness and due process. *Id*. (quoting *Covington v. Department of Health & Human Services*, 750 F.2d 937, 943 (Fed. Cir. 1984)). An agency must provide information that is not only correct in nature but adequate in scope to allow an

---

agency cancelled the RIF on June 23, 2014, IAF, Tab 18 at 17, and that the appellant filed her Board appeal 6 days later, on June 29, 2014, IAF, Tab 1. Accordingly, the administrative judge properly found that the Board lacks jurisdiction over the appeal of the cancelled RIF. *See Taber*, 112 M.S.P.R. 124, ¶ 9 (where the decision to remove the appellant had been cancelled by the time the appellant filed her appeal, the Board lacked jurisdiction to consider the case as an appeal from the agency's decision to remove the appellant).

employee to make an informed decision. *Baldwin*, 111 M.S.P.R. 586, ¶ 16. This includes an obligation to correct any erroneous information on which it has reason to know an employee is relying. *Id*.

¶10      Here, the appellant has failed to show that her resignation was the product of misinformation by the agency. As noted by the administrative judge, the record reflects that the appellant never received the agency's June 23, 2014 memorandum cancelling the RIF. ID at 3; IAF, Tab 18 at 11. However, the agency states that, on July 9, 2014, it advised the appellant that the RIF had been cancelled. IAF, Tab 18 at 11. The appellant states in her petition for review that she was aware that the RIF had been cancelled when she resigned on July 29, 2014. PFR File, Tab 1 at 8. Accordingly, when she resigned the appellant was aware of all of the information necessary to make an informed decision. Thus, we conclude that the appellant did not rely on agency misinformation regarding the RIF when she resigned. *See Soler-Minardo v. Department of Defense*, 92 M.S.P.R. 100, ¶ 11 (2002) (finding that the appellant failed to establish that she relied on agency misinformation in making her decision).

¶11      Although the appellant contends that she resigned because she would have possibly faced a breach of contract suit had she remained, the mere fact that the appellant was faced with unpleasant choices, by itself, does not render her decision to resign involuntary. *See Schultz v. United States Navy*, 810 F.2d 1133, 1136-37 (Fed. Cir. 1987); *see also Soler-Minardo*, 92 M.S.P.R. 100, ¶ 9. Based on the foregoing, we AFFIRM the initial decision dismissing the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.